Mr. O'Neill, I take it this is your first argument? Yes, Your Honor. Good. Welcome. You'll do fine. Thank you, Your Honor. May it please the Court, my name is Eli O'Neill, and I represent Timothy Olmos, the plaintiff and appellant in this case. We request that this Court reverse the District Court's grant of summary judgment to the defendants. I'd like to reserve one minute for rebuttal. The defendants in this case violated the Fourth Amendment by conducting a conceitedly suspicionless search of Olmos' cell phone. Olmos' sentence to probation does not permit the defendants to search the photos on his cell phone merely because the phone rang during a probation meeting. Olmos retains a reasonable expectation of privacy in his cell phone because his underlying offense was not violent and he's not subject to a suspicionless search condition. Counsel, how do you deal with the statement in the terms of probation that reads probationer as directed? Will permit monitoring or seizure of any personal or professional computers and cell phones are considered to be computers. How do you deal with that? Your Honor, probation conditions must be clear about what may be searched and under what conditions. I see that you're referencing the computer usage guidelines. And first, these guidelines… Why do you have to have guidelines when you have a flat statement that probationer as directed will permit monitoring or seizure of any personal or professional computers? There are no conditions to that. It's flat out. Is it your idea that they have to say under these conditions and then list all the conditions? So that statement is a part of the computer usage guidelines, and it has to clearly encompass cell phone data for the probationer to have… Well, how can you search a computer without searching data? Your Honor, the computer usage guidelines don't encompass cell phones. These were promulgated before 2005, and if you… Oh, your position is that the search of computers does not include cell phones. That's your position? Yes, Your Honor. Yes, Your Honor. My apologies. So it doesn't include computers. These were promulgated before 2005, before computers and cell phones really converged into one device. And if you look at Guidelines 12 and 13 on page 2ER69 of the record, you'll see that 12 and 13 discuss a computer no more than one computer in the home. 13 says no computers outside of the homes. We're talking about desktop, laptop computers, not the mobile device that we carry everywhere with us. And so these computer usage guidelines just don't unambiguously include cell phone data. And then you look at the actual search condition, and Mr. Olmos only agreed to a warrantless condition, not a suspicionless search condition. So not only do his guidelines not cover an actual computer, they don't allow suspicionless searches like the defendants conducted in this instance. Counsel, the part that's caught my attention is the suspicionless search side of this. And we have cases such as Knights and Samson from the Supreme Court and then our cases in King and Lara. And all of those involved suspicionless – all of those involved probation or parole terms that allowed for or agreed with suspicionless searches. And here this was a warrantless search. So how do we address the – what is the expectation of privacy we should think about for Mr. Olmos in the context of that difference from the other cases? Yes, Your Honor. Olmos has the – has an expectation of privacy of at least reasonable suspicion to justify a search. That's what was permitted in Knights, who had agreed to a warrantless search condition. And so when the defendants searched his phone without reasonable suspicion, they conducted – So are you saying that if there's no reasonable suspicion, it's an automatic Fourth Amendment violation? Yeah, depending on the search condition that the probationer agreed to. But in this case, yes. Let me ask why because all of the cases talk about balancing these different interests. There is no categorical rule in any of them. And so, for example, the Supreme Court rejected an argument in Knights, for example, that, well, someone agreed to a suspicionless search. And so therefore, there cannot be a Fourth Amendment violation. And the court said, no, we need to balance privacy interests against the government's interests. So why should your case be different? Why should we say that with a reasonable – with no reasonableness, it's an automatic Fourth Amendment violation? Yes, Your Honor. I would look at page 612 of the discourse law opinion that states that the government's interest varies with the level of suspicion that they have. So it's not that I'm announcing a categorical rule. It's just like when you conduct the balancing inquiry, when a suspicioner has not agreed to a suspicionless search condition, the government's interest varies with the level of suspicion that it has. The balancing will just come in favor of the probationer. And so as here, when there's not a suspicionless condition, it doesn't include cell phone data, and the government's interest varies with its suspicion, and there's no suspicion here, then the balancing would come out in our favor, Your Honor. So we asked for a supplemental briefing about whether the crime of conviction was a crime of violence. And I think we were thinking about it in the context of King. But does it matter? The government – you know, the state makes the argument that this is also – this is a very serious crime nonetheless. And so, therefore, it's almost tantamount being a parolee. What is your view about the level of gravity of the conviction in relation to the privacy interest for Mr. Olmos? Yes, Your Honor. So in King and Laura, this court made clear that the inquiry that determines – that affects a probationer's expectation of privacy is whether it's violent or not. And if you look to Arizona state law, Arizona has categorized this as a nonviolent offense. Arizona categorizes which offenses it deems violent in Section 13706 by enumerating the offenses that it considers violent. But King also talks about a particularly serious and intimate offense, which seems to me to fit on all fours with the conviction here. So, you know, even if it's not violent, isn't it a serious and intimate offense nonetheless? Your Honor, so I will – we don't want to minimize, you know, the seriousness of this offense. That is not what I want to do. However, that doesn't mean that Olmos has a reduced expectation of privacy because the inquiry is whether it's violent or not. Serious and intimate, you know, the phrase was used in King, but the holding of the case was explicit that this is about violent felons. Laura reaffirmed that. And, you know, I'll point to cases like United States v. Williams, a district court case. Seriousness can be, you know, a squishy term, but courts are equipped with state law to determine whether an offense is violent or not. And it will provide greater notice to probationers. It will provide notice to the district courts as they perform this analysis. And just to reiterate, King and Laura were explicit that this was – the inquiry is about violence rather than, you know, maybe a passing comment to serious and intimate. Counsel, this – so there was also an argument that Olmos consented to the search of his cell phone. Do we have sufficient evidence to determine that question? Yes, sure. On this posture of summary judgment, constrain the facts in favor of the non-moving party, yes. And this did not constitute consent. I'll note that if you go to 1 ER 7, note 1 of our excerpts of record, the district court noted that the defendants failed to put evidence of consent into the record. And so they couldn't argue it here, but even, you know, taking the facts in our favor, the Supreme Court is held in cases like Bumper v. North Carolina. It's not enough for the defendants to point to an acquiescence of a claim of lawful authority. Rather, as this court noted in United States v. Taylor, we look to the facts of the encounter to determine if it was coercive. And here, Olmos was at a mandatory probation meeting. He was not free to leave. He was not told that he did not have to consent to the search. In fact, the defendants demanded that he hand over his phone in a tone that indicated that he must comply. And on top of all of this is the unique power imbalance between probationers and probation officers. These are people who wield tremendous control over probationers, and they're incentivized not to antagonize them. And all of the cases that the defendants cite do not contravene the conclusion that this was a coercive encounter. Take Escamilla from the Fifth Circuit that day. I just want to note, Counselor, you're running into your rebuttal time. Oh, I'm sorry, Your Honor. You have about a minute left. I will reserve this time for rebuttal. Thank you so much, Your Honors. May it please the Court. Tyler Swenson on behalf of the appellees, Mr. Prieto and Ms. Hernandez. I believe the Court has hit on the key issues during the questioning of Appellant's Counsel. The term monitoring is in the guidelines and is in the conditions of this individual's probation. And monitoring, as Judge Bea noted, is a term that implies the ability to look without suspicion, to check in on something, to oversee something. To me, this is no different than having a drug offender give regular urinalysis. But, Mr. Swenson, as I understood, Counsel, he was saying that cell phones were not included within the definition of computers at the time of this seizure. Is that correct? I would disagree with that. I believe that Condition 21 very clearly defines what all would be included, and it includes cell phones. In terms of the guidelines, there is a specific statement. Now, if that came into being afterwards, well, then I would, I guess I would go to the- I don't, what are you saying? I believe- Is it in there or is it not in there? I believe it is in there. And that's Condition 21? That is, well, it's, yeah, it's number 21 under the computer guidelines, and we've cited that. Can I ask, Counsel, because I was looking at the supplemental excerpts of record, and it's at SER. Condition 21 is at SER 373, but it's not signed or dated. There are these two pages that are, the forms are there, but they're blank. Whereas there are earlier pages that are signed by the judge of the court at SER 370, which is the same as appellant's ER citation. So how can we tell if Condition 21 was a part of the conditions that were imposed at sentencing? I don't know that we can definitively say that they were part of it. My understanding is that those were attached to the things that were given to the appellant at the time of his sentencing. But I think there's a larger issue here, and the court also touched on that, and that is the way- If the Condition 21 was not attached, do you agree that the issue should not have been decided as a matter of law in a motion of summary judgment? No, I did not concede that. If that's the basis of you saying that he consented to the monitoring and search of his cell phone, but that condition doesn't appear as an undisputed fact to be part of what he consented to, then there is an issue of fact as to whether he consented or not, correct? I don't believe there is, Your Honor, because we issued requests for admission that are cited in the record that specifically describe what happened at that probation meeting. And he agreed, he did not dispute, he admitted that he was asked politely the exact words, you know, may I see your phone, and that he complied with that. That's a different basis for consent than the application of Condition 21. Yeah. So now you're changing your position from Condition 21 applied to an admission of fact. I believe they both apply. I believe they both apply, and if the court believes that there was an issue of fact on that, I believe that his actual consent at the time overrides- Oh, that's a different- yeah, okay. It overrides the other lack of consent because, you know, what we're dealing with here is, you know, as the court already noted, a particularly intimate and serious offense. And in the case of- the Supreme Court case of Knights, the court said a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens. But the issue here is whether the court imposed those conditions, whether they were attached to the documents. I believe the court did because the two overriding conditions of his lifetime probation, and let's not forget this is a lifetime probation, that he has tried repeatedly to say was unconstitutional, was unfair, was unjust, was cruel and unusual, and he lost on all of those arguments. It has been upheld. His lifetime probation with conditions has been upheld repeatedly. He is stuck with it. Are you- is your position that the other probation conditions, submit to search and seizure of your personal property by the APD without a search warrant, that covers the cell phone? No. The two overriding conditions of his probation are that he shall not have contact with minors and that he shall not have possession of sexually oriented or sexually arousing materials. And in order to monitor that compliance, the probation officers have to be allowed to do suspicionless searches of devices that could hold evidence of that. Just as a- Yes. I interject here. But the suspicionless search requirement must be clear and unequivocal if it's to be upheld. And I'm not sure that, you know, that monitoring means you can have a suspicionless search. It seems to me that that's not clear and unequivocal. I would disagree respectfully, Your Honor, that monitoring to me is no different in this context than it would be in monitoring a drug user's- So that's to you.  subjective view of this. But wouldn't it be better if the thing- if the probation conditions said, Ann, probation has the right to conduct suspicionless searches of any of your internet devices? Yes, that would- Monitoring isn't necessarily clear and unequivocal to everybody. I mean, if you want to impose a suspicionless search condition, you should say that the probation has the right to conduct suspicionless searches. And that- And I also will note he's in a mandatory probation meeting. That implies a certain amount of coercion. Well, no one coerced him to bring his phone to that meeting. And he brought it voluntarily. And when I asked to turn it over, he did turn it over. I think that speaks strongly to- I knew there was nothing on it, but that's irrelevant to whether these conditions import clearly and unequivocally a suspicionless search requirement. And I believe it does because of the case that the district court relied on, the Light Cell case, the Arizona Supreme Court case, that was on all fours with this case. We had an almost identical situation where he had a probationer who had a phone, who had conditions, and I don't believe his conditions were any more specific or pointed than they were in this case. And the court held that that suspicionless search was appropriate and not a violation of the Fourth Amendment. What was that case again? Light Cell, L-I-E-T-Z-A-U. Counsel, Light Cell seemed a little bit different to me because he had already been arrested. The probationer there had already been arrested for other probation violations, and there had been a tip-off from the mother of the young woman who he may have had inappropriate sexual relations with. It seems as if there was reasonable suspicion that he might have been committing other offenses. And then there's no semblance of that here, is there? Not in the record, no. But I would point out, Your Honor, that the Supreme Court, Arizona Supreme Court specifically addressed that and said the probation officer did not need to have any suspicion to conduct the search that he did. The court did not even look at the 6, 7, and 8 elements of the 8 factors that it considers. And I'm running out of time. I would just like to say the petitioner, or the appellant here, is concerned about his rights. And I would say, what about the rights of children to be free from abuse and sexual molestation? What about the rights of society? The duty of society and the state to protect those vulnerable citizens, that is of paramount importance here. And that is part of this weighing. And my clients, in good faith, conducted a search based on the standards set forth in Leitzow by the Arizona Supreme Court, believing that they had the right to conduct that search. And at a bare minimum, they should be found to be not liable and to be immune from this lawsuit. Let me read you a sentence from Leitzow. They say, Leitzow was on supervised probation and subject to Condition 4, which authorized a warrantless search of his property, including his cell phone. That doesn't seem to be the same as these conditions. There are slight differences, yes. But I believe the monitoring language... There are fundamental differences. I mean, if you're going to impose a condition, say it. You know, I mean, I can understand. I mean, I could understand. It's justifiable. I agree. People need to be protected. Victims need to be protected. Who could disagree with that? But, I mean, the whole point of this is put the guy on notice. You bring your cell phone, it's going to be searched. Well, but again, Your Honor, may I answer? I'm over time. Yes, go ahead. Of course you may. Honestly, putting him on notice defeats the whole purpose of the monitoring and the lifetime probation because all he's going to do is delete everything off of his phone. And let's not forget that this appellant, Mr. Olmos, is now incarcerated because he violated those probation conditions and because he was found to have tablets with pictures of children on them. And if the court wants to have the record reflect that, I have copies of the orders that put him back in jail, and they are public record. And I would ask the court to take judicial notice of it because this is a person who... We can't introduce things that are post-record, outside the record. I mean, I think what I would say is I understand your point of view, but the clear and unequivocal language comes from the Supreme Court itself, right? If terms of probation are to be applied to people, they need to know what lay of the land it is. And so I think there's obviously a governmental interest in making sure that people are properly monitored, especially with this type of conviction. But there has to be a clear sense to a person of what the search terms are, what the probationary terms are. I'm just not sure I... Your Honor, I would say that under these circumstances where he was clearly told you were not to possess pictures of minors, or you're not to have interaction with minors, you're not to have possession of pornography or any kind of sexually arousing materials, he's been put on notice that he is subject to having his devices searched for evidence of exactly that because that would put him back in prison, and it did put him back. Even with no suspicion? Exactly. Okay. Thank you, counsel. Mr. O'Neill, since we ran over with opposing counsel, we'll give you a couple minutes for your rebuttal. Thank you, Your Honor. I have two points on rebuttal that I'd like to make. First, Mr. Olmos was not sentenced to uniform condition 21. You can go to 2 ER 65 of the probation conditions and see that the box is not checked. The definition that they cite of personal computer is pursuant to uniform condition 21. He was not sentenced to uniform condition 21. And I also want to point out that opposing counsel said we can't say, you know, they conceded that they can't say, well, you know, this was part of the probation conditions, and it just wasn't. So summary judgment is just not appropriate at this juncture, merely on that fact alone. Second, as Judge Wardlaw made clear, probation conditions must be clear and unambiguous. And here, this was not a suspicionless search condition. It didn't include cell phones within the ambit of the objects that it could be searched. And opposing counsel is asking this court to essentially try and overturn Supreme Court precedent that probationers need to know, as Judge Sanchez put it, the lay of the land of what they're subject to so that they can form their expectations of privacy. And, you know, it's for these reasons and those in our brief that we ask that this court reverse the district court. Thank you, Your Honors. Thank you. Thank you, counsel, for your arguments. The matter will stand submitted.
judges: WARDLAW, BEA, SANCHEZ